FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

FEB 2 5 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

DAVID LANTRY,

    Plaintiff,

v.

WALKER RIVER PAIUTE TRIBE TRIBAL POLICE, et al.,
    Defendants.

3:06-cv-600-RCJ-VPC

**ORDER**

Currently before the Court are Walker River Paiute Tribe Tribal Police's ("Tribal Police" or "Defendant") Motion to Dismiss (#43), Plaintiff David Lantry's Motion to Extend Time to File Proposed Pretrial Order (#45), and Defendant's Motion to Extend Time to File Proposed Pretrial Order (#46). The Court heard oral argument on the motions on January 18, 2011.

**BACKGROUND**

Plaintiff David Lantry filed a complaint against Defendant, Mineral County, and John Does 1 through 20, and Black & White Corporations 1 through 20. (Complaint (#1) at 1). The Tribal Police is the only named defendant remaining in this case.[1] (See Summons (# 2, 3)).

According to the complaint, in April 2004, Plaintiff, a non-tribal member, drove an unregistered agricultural vehicle on Tribal property. (Complaint (#1) at 3-4). The Tribal Police cited him into the Mineral County Justice Court. (Id. at 4). In May 2004, Plaintiff appeared in court but was told that a judge was unavailable and that he should check back in a week for a new court date. (Id. at 4-5). In April 2005, three tribal police officers forcibly removed Plaintiff from his residence located on private property, not subject to tribal authority, and took

---

[1] This Court dismissed Mineral County from the lawsuit. (Judgment (#41)).

him into custody. (*Id.* at 5). The officers took Plaintiff to the Mineral County Jail where he was booked on a warrant based upon the earlier citation. (*Id.*). Plaintiff's complaint alleged the following claims against Defendant: (1) excessive force under 42 U.S.C. § 1983; (2) custom and policy under § 1983; (3) supervisory liability under 42 U.S.C. §§ 1983, 1985(3), and 1986; (4) negligent supervision under §§ 1983, 1985(3), and 1986; (5) false arrest and imprisonment under Nevada law; (6) oppression under color of office under Nevada law; (7) intentional infliction of emotional distress; and (8) punitive damages. (*Id.* at 5, 7-12).

## LEGAL STANDARD

A district court reviews a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) in two parts. *U.S. Bancorp v. Ike*, 171 F.Supp.2d 1122, 1124 (D. Nev. 2001). In the first part, the court must decide whether the determination of jurisdiction can be made apart from a decision on the merits of the case. *Id.* When the jurisdictional issue is intertwined with the merits, the court should apply a summary judgment standard and assume the jurisdictional allegations are true, unless converted by undisputed facts in the record. *Id.* However, when the resolution of jurisdiction depends on a decision of factual issues that go to the merits, the issue should await a motion challenging the merits or a trial. *Id.*

In the second part, the court focuses on the motion. *Id.* A Rule 12(b)(1) motion can either: (a) challenge the sufficiency of the pleadings to support subject matter jurisdiction, a facial challenge, or (b) challenge the actual existence of jurisdiction, a factual attack, by presenting outside evidence to resolve the factual disputes. *Id.* In the latter motion, the pleadings are treated as evidence on the issue and the non-moving party must present evidence to defeat the motion. *Id.* at 1125.

## DISCUSSION

Defendant filed the current motion to dismiss based on lack of subject-matter jurisdiction and for failure to state a claim. (Mot. to Dismiss (#43) at 3). Defendant asserted that it was an agency of the Walker River Paiute Tribe and that the Tribe's sovereign immunity from suit extended to the Tribe's agencies, including its police department. (*Id.* at 3, 6).

In support of its Rule 12(b)(1) motion to dismiss, Defendant attached the affidavit of

Lorren Sammaripa, the Chairman of the Walker River Paiute Tribe and tribe member. (Aff. of Sammaripa (#43-1) at 1). Sammaripa attested to the following. The Tribe was a federally recognized tribe and its own sovereign nation with its own court system. (*Id.*). The Tribe's governing body was the Walker River Paiute Tribe's Tribal Council. (*Id.*). The Chief of Police of the Walker River Paiute Tribal Police Department reported to the Tribal Council through the Tribal Chairman. (*Id.* at 2). The Tribe had never waived its sovereignty with respect to criminal enforcement of the Tribe's Law and Order Code or the Tribe's Constitution and had never ceded criminal jurisdiction over its members to any state or federal law enforcement agency. (*Id.*). The Tribe's police officers were not an extension of the federal government. (*Id.*). "Tribal officers" were employees of the Tribe and were hired and recruited by the Tribe. (*Id.*). The Tribe understood that it was free to operate its own Tribal police department and the Tribe's police department's operational control was completely local and vested in the Tribal Council. (*Id.* at 2-3). The Tribe had never considered its lands to be subjugated to Nevada's common law of torts. (*Id.* at 3).

It is well established that Indian tribes possess the common law immunity from suit traditionally enjoyed by sovereign powers. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58, 98 S.Ct. 1670, 1677, 56 L.Ed.2d 106 (1978). "This aspect of tribal sovereignty, like all others, is subject to the superior and plenary control of Congress." *Id.* Thus, "[a]s a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived immunity." *Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751, 754, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998). "It is settled that a waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *Santa Clara Pueblo*, 436 U.S. at 58, 98 S.Ct. at 1677 (quoting *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976)).

"The tribe's immunity is not defeated by an allegation that it acted beyond its powers." *Imperial Granite Co. v. Pala Bank of Mission Indians*, 940 F.2d 1269, 1271 (9th Cir. 1991). Additionally, tribal immunity extends to entities that are agencies or administrative arms of the tribe. *In re White*, 139 F.3d 1268, 1271 (9th Cir. 1998)(stating that an entity that was an

administrative arm of a tribal sovereign enjoys common law immunity from suit); *see also Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 358 (2nd Cir. 2000)(noting that agencies of a tribe are entitled to benefit from the Tribe's immunity); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1046 (9th Cir. 2006) (holding that when the tribe establishes an entity to conduct certain activities, the entity is immune if it functions as an arm of the tribe).

Here, the jurisdictional issue in this case is independent of the issues presented by Plaintiff and may be examined through this motion to dismiss. The instant motion challenges the actual existence of jurisdiction based on tribal sovereign immunity.[2] Therefore, this Court will review Sammaripa's affidavit to determine the existence of jurisdiction. *See U.S. Bancorp*, 171 F.Supp.2d at 1124.

In this case, Sammaripa's affidavit explicitly states that the Tribe's police department's operational control was completely local and vested in the Tribal Council. (*See* Aff. of Sammaripa (#43-1) at 3). As such, the Tribal Police is an administrative arm of the Tribe and is entitled to the benefit of the Tribe's sovereign immunity. *See In re White*, 139 F.3d at 1271. Moreover, Plaintiff does not allege that the Tribe waived its sovereign immunity with respect to the Tribal Police.[3] Accordingly, the Court grants Defendant's motion to dismiss for lack of subject-matter jurisdiction.

///
///
///
///

---

[2] Although Defendant does assert that the complaint is facially deficient when it comes to jurisdiction, Defendant in substance challenges the existence of actual jurisdiction. (*See* Mot. to Dismiss (#43) at 4, 9).

[3] Plaintiff makes various allegations against unnamed, individual police officers and asserts that they acted outside the scope of their authority and are not entitled to immunity. (Response to Mot. to Dismiss (#48) at 14-16). Because Plaintiff has not named or served any of these police officers they are not defendants in the case. As such, the Walker River Paiute Tribe Tribal Police, an administrative arm of the Tribe, is the only named defendant in this case. At oral argument, the Court granted Plaintiff's oral motion for leave to amend the complaint to name individual defendants if the statute of limitations permits.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendant's Motion to Dismiss (#43) is GRANTED.

IT IS FURTHER ORDERED that both motions to extend time (#45, 46) are DENIED as moot.

DATED: This 25th day of February, 2011.

_____
United States District Judge